Filed 5/20/24  P. v. Daoud CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. AMR AHMAD DAOUD, Defendant and Appellant. | F086962 (Super. Ct. No. F21906933) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Samuel Dalesandro, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Meehan, J. and DeSantos, J.

Appellate counsel for defendant Amr Ahmad Daoud has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated March 14, 2024, we also invited defendant to submit additional briefing. Defendant filed a late response, which we received on May 13, 2024.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

Following a preliminary hearing, an information was filed on May 27, 2022, charging defendant with three counts of carrying a concealed dirk or dagger (Pen. Code,[1] § 21310, a felony; counts 1–3). Following several continuances,[2] but before defendant was formally arraigned, defense counsel requested that section 1368 proceedings be instituted as doubts had arisen about defendant's competency. The trial court granted this request on January 19, 2023. After an evaluation was submitted to the court pursuant to section 1369 on March 23, 2023, defendant was found not competent. An additional order was entered at that time allowing for the involuntary medication of defendant by a treating psychiatrist. Another evaluation addressing a potential placement for defendant

---

[1]     All further statutory references are to the Penal Code.

[2]     The record shows at least two of those continuances were due to defendant being in quarantine, and one was due to a failure to appear by defendant who was not in custody at the time.

was submitted to the court on April 25, 2023. Defendant was eventually transferred to a state hospital for treatment to restore his competency. On July 3, 2023, a letter was filed with the court indicating defendant's competency had been restored.

On August 24, 2023, defendant entered a plea of no contest to count 1 and signed a felony advisement, waiver of rights and plea form. When addressing the plea on the record, the trial court asked defendant if he understood the terms of his plea and the various rights he would be giving up if he accepted the plea. After finding the plea was freely and voluntarily made, and that defendant understood the nature of the charges as well as the consequences of the plea, the court also stated there was a factual basis for the plea. As a result of this plea, the remaining counts stated in the information were dismissed.

The trial court sentenced defendant to the stipulated sentence of 16 months. Because defendant had accrued 528 days in custody credits, he was then released from custody for time served.

The notice of appeal filed on October 4, 2023, indicated defendant sought to challenge the plea agreement. Although defendant requested the issuance of a certificate of probable cause from the trial court, that request was denied.

## FACTUAL SUMMARY[3]

Two police officers observed defendant ducking behind shrubs, and concluded his behavior seemed suspicious. When defendant was asked what he was doing behind the bush, defendant responded he had lost something. Defendant was then asked if he had any knives in his possession. When defendant responded affirmatively, an officer conducted a patdown search and discovered three knives in his right back pocket. Two knives had fixed blades, while the third was a folding knife.

---

[3] This summary of facts is taken from testimony offered at the preliminary hearing in this matter.

3

# DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

As noted above, defendant filed an informal response to our invitation to file additional briefing. Defendant contends his trial counsel acted "against [him] in court." Defendant also challenges the accuracy of the evidence in the record. Again, when addressing the plea on the record, the trial court asked defendant if he understood the terms of his plea and the various rights he would be giving up if he accepted the plea.[4] Defendant never brought up any concerns about the evidence supporting the plea or his trial counsel's representation at that time.

Addressing a potential ineffective assistance of counsel claim, we note, "[o]n direct appeal, a conviction will be reversed for ineffective assistance [of counsel] only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Our review of the record submitted in this appeal fails to disclose evidence supporting any of the standards set out in *Mai*.

# DISPOSITION

The judgment is affirmed.

---

[4] When requesting a certificate of probable cause from the trial court in his notice of appeal, the reason for the request was that "he changed his mind on his[] plea, and he only pled to get out of custody." Defendant did not repeat these points in his informal response.

4